IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESTER McGRONE,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 05-265-JPG |
| **R. DAVIS,** | ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM and ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the United States Penitentiary at Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The facts giving rise to this action are simple: Plaintiff states that on September 26, 2004, while he was having breakfast on the range, he was assaulted by two other inmates who stabbed him 27 times.

It is beyond question that prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). Nevertheless, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989).

In this case, Plaintiff alleges that his assaulters were White Supremacists, and that he was the only black inmate let out of his cell to eat breakfast at that time. However, he makes no allegation that he was aware of any threat to his safely from these specific inmates, or that he had advised any officer of any perceived threat against him by these inmates. Therefore, on the facts

alleged in the complaint, it appears that this incident was an isolated random act, one that staff had no specific warning of. Although the Court empathizes with Plaintiff, he simply has not presented a viable claim under the Eighth Amendment.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: January 16, 2007.**

                                          **s/ J. Phil Gilbert**
                                          **U. S. District Judge**